SOUTHERN DISTRICT OF MISSISSIPPI
FILED
OCT 27 2016
ARTHUR JOHNSTON
BY
DEPUTY

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**DERRICK A. FRANKLIN,**
**AND DOUBLE J LOGISTICS, LLC**

**Plaintiffs,**

**v.** **Civil Action No.:** 3:16cv844 TSL-RHW

**SHERRI ROBINSON, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF BILLY LARRY ROBINSON, deceased, UNITED PARCEL SERVICE, INC., a Corporation, ZEWDIE D. DUGDA, SKYMILE LOGISTICS, INC., a corporation, And JOHN DOES, I-X,**

**Defendants.**

## COMPLAINT

***JURY TRIAL DEMANDED***

COMES NOW, the Plaintiff, Derrick A. Franklin (hereinafter "Franklin"), and Double J Logistics, LLC ("Double J Logistics"), by and through the undersigned counsel of record, and files this his Complaint against the Defendant Sherri Robinson, as personal representative of the estate of Billy Larry Robinson ("Decedent"); Defendant United Parcel Service, Inc. ("UPS"); Zewdie D. Dugda ("Dugda"); Skymile Logistics, Inc. ("Skymile"); and Defendants John Does I-X and for cause would show unto this Honorable Court the following, to wit:

## PARTIES

1. Plaintiff, Derrick A. Franklin, is an adult resident of the State of Georgia.
2. Plaintiff, Double J Logistics, LLC is a limited liability company existing under the authority of the State of Georgia.

3. Defendant, Sherri Robinson, upon information and belief, is the surviving spouse of Decedent/Defendant Billy Larry Robinson, and is an adult resident of the State of Alabama and may be served with process at her residence located at 711 Williams Avenue, Rainbow City, Alabama 35906.

4. Defendant United Parcel Service, Inc. is a foreign corporation authorized to do and doing business in the State of Mississippi, which may be served with process of this Court by serving its registered agent, CSC of Rankin County, Inc., Mirror Lake Plaza, 2829 Lakeland Drive, Suite 1502, Flowood, MS 39232. At all times relevant herein, UPS had a duty to Plaintiffs to maintain its equipment and vehicles, and to maintain control of its drivers, employees, and/or statutory employees, including Decedent/Defendant, Billy Larry Robinson.

5. Defendant, Zewdie D. Dugda, upon information and belief, is an adult resident of the State of Texas and may be served with process at his residence located at 8009 Glenside Drive, Dallas, Texas, 75089.

6. Defendant, Skymile Logistics, Inc., upon information and belief, is a Georgia corporation organized and existing under the laws of the State of Georgia and may be served through its registered agent Susan T. Grissom, located at Grissom Law, LLC, 10475 Medlock Bridge Road, Suite 215, Fulton, Johns Creek, Georgia 30097. At all times relevant herein, the Defendant, Skymile Logistics, Inc., had a duty to Plaintiff to maintain its equipment and vehicles, and to maintain control of its drivers, employees, and/or statutory employees, including Defendant, Zewdie D. Dugda.

7. John Does I-X are believed to be corporations, entities, or individuals whose negligence, or the negligence of their employees or agents, caused or contributed to Plaintiffs' injuries

and/or damages as described herein. The identities of Defendants John Does I-X are unknown to Plaintiff at the present time. Plaintiff avers that he should be allowed to amend this complaint to designate as defendants such corporations, entities, or individuals at a time when said proper identities may be ascertained by Plaintiffs, and he hereby respectfully requests leave of the Court to do so, pursuant to Rule 15 of the Federal Rules of Civil Procedure.

**FACTS**

8. Plaintiffs adopt and allege the allegations contained in the foregoing paragraphs of this Complaint as if fully set out herein.

9. On August 11, 2016, at approximately 4:00 a.m. at or near mile marker 99, Plaintiff, Derrick A. Franklin, was the owned and/or operated by Double J Logistics, traveling eastbound on Interstate 20 in Newton County, Mississippi.

10. At the same time and place Defendant, Zewdie Dugda, was the driver of a tractor trailer operating in the course and scope of his employment with Defendant, Skymile Logistics, Inc., and traveling eastbound on Interstate 20 in Newton County, Mississippi. Defendant, Zewdie Dugda, negligently failed to maintain his tractor trailer, failed to use the tractor and trailer lights given the weather and road conditions present then and there at the time, failed to maintain a proper speed and failed maintain a proper lookout, thereby causing hazardous conditions for other drivers on the roadway and causing Franklin to collide into the rear end of Defendant, Zewdie Dugda's, tractor trailer.

11. At the same time and place Decedent/Defendant, Billy Larry Robinson, was the driver of a tractor trailer operating in the course and scope of his employment with Defendant, United Parcel Service, Inc., and traveling eastbound on Interstate 20 in Newton County,

Mississippi. Decedent, Billy Larry Robinson, negligently failed to maintain a safe distance between his tractor trailer and the Double J Logistics tractor trailer operated by Franklin, failed to slow his tractor trailer to a reasonable speed given the weather and traffic conditions present then and there at the time, failed to keep his tractor trailer in proper and reasonable control, failed to maintain a proper lookout and failed to stop his vehicle, thereby violently colliding with the rear of Plaintiffs' tractor trailer pushing Plaintiffs' tractor trailer forward, violently and forcefully, such that it collided into Defendant, Zewdie Dugda's, tractor trailer for a second time.

12. Following the initial impact between the tractor trailers driven by Plaintiff, Franklin and Dugda, Plaintiff Franklin was preparing to exit his vehicle by unbuckling his seat belt restraints. It was then that tractor trailer driven by Decedent, Billy Larry Robinson, impacted the rear of the tractor trailer driven by Franklin.

13. That as direct and proximate result of the careless, reckless and negligent acts of Defendant Robinson and/or Defendant Dugda, the impact of the tractor trailers caused Franklin to suffer serious injuries to his person. The Plaintiff, Derrick A. Franklin, would show that he suffered injuries to his right hip, left arm and to his person as a whole. In addition, as a direct and proximate result of the careless, reckless and negligent acts of Defendant Robinson and/or Defendant Dugda, the impact of the tractor trailers caused Double J Logistics to incur property damage and economic loss.

14. Franklin would show that he has had to be treated by doctors and other practitioners extensively, has been caused to suffer great pain, severe shock and intense mental anguish, and will suffer more of the same in the future as a result of the injuries he sustained in this collision. The negligent acts and omissions alleged herein further directly and proximately

caused Franklin to already incur excessive hospital, medical, and drug bills, and he can reasonably expect to incur further such expenses in the future. Defendant Dugda's and Defendant Robinson's negligence has directly caused the Plaintiff, Derrick A. Franklin, to have already incurred lost wages and he can reasonably expect to incur further lost wages in the future.

## NEGLIGENCE OF DEFENDANT, ZEWDIE DUGDA

15. Plaintiffs adopt and allege the allegations contained in the foregoing paragraphs of this Complaint as if fully set out herein.

16. The collision was caused by the recklessness, carelessness, and/or negligence of Dugda, for that among other acts, Dugda:

    a. failed to keep and maintain proper lookout;

    b. failed to keep and maintain his vehicle under free and easy control;

    c. operated his vehicle at an excessive rate of speed under the traffic conditions;

    d. operated his vehicle in a manner as to indicate a willful and wanton disregard for the safety of others;

    e. failed to pay attention to traffic around him;

    f. failed to have adequate lighting on the tractor trailer; and

    g. violated the Mississippi Rules of the Road; and

    h. violated the FMCSR.

The Plaintiffs, Derrick A. Franklin and Double J Logistics, charge that, as a direct and proximate result of the several acts of negligence of the Defendant, Zewdie Dugda, Plaintiffs were caused to suffer the injuries and damages. The Plaintiffs, Derrick A. Franklin and Double J Logistics, charge that the aforesaid acts and omissions were all in

violation of a duty of reasonable care arising under the common law of the State of Mississippi, applicable statutes of the State of Mississippi and the Rules of the Road.

**NEGLIGENCE OF DEFENDANT SKYMILE LOGISTICS**

17. Plaintiffs adopt and allege the allegations contained in the foregoing paragraphs of this Complaint as if fully set out herein.

18. Plaintiffs allege that all the aforementioned negligence of Defendant Dugda is directly imputed to Defendant, Skymile Logistics, Inc., because the vehicle driven by Zewdie Dugda was owned by Skymile Logistics, Inc.; for the purpose of Defendant, Skymile Logistics, Inc.'s, business and Defendant, Zewdie Dugda was then, at all times complained of, the agent, employee and servant of the aforesaid Defendant, Skymile Logistics, Inc., and was acting in furtherance of the business of Defendant, Skymile Logistics, Inc., and was within the course and scope of his employment.

19. Plaintiffs further charge Defendant, Skymile Logistics, Inc. with:

    a. Negligence/wanton operation of a commercial carrier due to inadequate safety management controls;

    b. negligently failing to supervise and monitor it's employee and/or agent Dugda;

    c. negligent/wanton entrustment;

    d. negligent retention of the driver, Dugda;

    e. negligent/wanton training and failing to provide driver safety training courses to its employee, Dugda;

    f. failing to instruct and/or train its employee and/or agent Dugda on safe driving habits;

    g. failing to stress safe driving habits to its employees and/or agents, including Dugda;

    h. encouraging the employee's unsafe driving habits to further its cause;

i. negligent/wanton operation of a commercial vehicle;

j. negligent maintenance of a commercial vehicle and/or equipment;

k. violations of the Mississippi Rules of the Road;

l. and violations of the FMCSR.

20. Plaintiffs further allege that Defendant Dugda was incompetent and/or unfit to operate Defendant, Skymile Logistics, Inc.'s, vehicle and that Defendant Skymile Logistics, Inc., knew or should have known of Defendant Dugda's incompetence and/or unfitness to operate it's vehicle. Plaintiffs allege that the negligent acts of Defendant, Skymile Logistics, Inc., were the direct and proximate cause of their injuries and damages.

**NEGLIGENCE OF DECEDENT, BILLY LARRY ROBINSON**

21. Plaintiffs adopt and allege the allegations contained in the foregoing paragraphs of this Complaint as if fully set out herein.

22. The August 11, 2016 collision was caused by the recklessness, carelessness, and/or negligence of Decedent, Billy Larry Robinson, for that among other acts, the Decedent, Billy Larry Robinson:

a. failed to keep and maintain proper lookout;

b. failed to keep and maintain his vehicle under free and easy control;

c. operated his vehicle at an excessive rate of speed under the traffic conditions;

d. operated his vehicle in a manner as to indicate a willful and wanton disregard for the safety of others;

e. drove too closely to the vehicle in front of him;

f. failed to pay attention to traffic around him;

    g. failed to maintain a safe distance between him and the vehicle directly in front of him;

h. failed to slow down or stop his vehicle when lawfully required to do so;

i. drove into the rear of the Plaintiff's vehicle; and

j. violated the Mississippi Rules of the Road.

23. The Plaintiffs charge that, as a direct and proximate result of the several acts of negligence of the Decedent Billy Larry Robinson, Plaintiffs, Derrick A. Franklin and Double J Logistics were caused to suffer injuries and damages. The Plaintiffs, Derrick A. Franklin and Double J Logistics charge that the aforesaid acts and omissions were all in violation of Robinson's duty of reasonable care arising under the common law of the State of Mississippi, applicable statutes of the State of Mississippi and the Rules of the Road.

**NEGLIGENCE OF DEFENDANT UNITED PARCEL SERVICE, INC.**

24. Plaintiffs adopt and allege the allegations contained in the foregoing paragraphs of this Complaint as if fully set out herein.

25. Plaintiffs allege that all the aforementioned negligence of Decedent, Billy Larry Robinson, are directly imputed to Defendant, United Parcel Service, Inc., because the vehicle driven by Robinson was owned by Defendant, United Parcel Service, Inc. for the purpose of United Parcel Service, Inc.'s, business, and Defendant Robinson was then at all times complained of herein, the agent, employee and/or servant of Defendant, United Parcel Service, Inc. and was acting in furtherance of the business of United Parcel Service, Inc.'s business, and was, at all times relevant hereto, doing so within the course and scope of Defendant Robinson's employment with Defendant, United Parcel Service, Inc.

26. Plaintiffs further charge Defendant, United Parcel Service, Inc. with:

    a. Negligence/wanton operation of a commercial carrier due to inadequate safety management controls;

b. negligently failing to supervise and monitor it's employee;

c. negligent/wanton entrustment;

d. negligent retention of the driver;

e. negligent/wanton training and failing to provide driver safety training courses to its employee;

f. failing to instruct its employee on safe driving habits;

g. failing to stress safe driving habits to its employees;

h. encouraging the employee's unsafe driving habits to further its cause;

i. negligent/wanton operation of a commercial vehicle;

j. negligent maintenance of a commercial vehicle and/or equipment;

k. violations of the Mississippi Rules of the Road;

l. and violations of the FMCSR.

27. Plaintiffs further allege that Robinson was incompetent and/or unfit to operate Defendant, United Parcel Service, Inc.'s vehicle and that United Parcel Service, Inc. knew or should have known of Robinson's incompetence and/or unfitness to operate the United Parcel Service, Inc. vehicle. Plaintiff alleges that the negligent acts of United Parcel Service were the direct and proximate cause of the Plaintiffs' injuries and damages.

**NEGLIGENCE OF DEFENDANT**
**JOHN DOES I-X**

28. Plaintiffs adopt and allege the allegations contained in the foregoing paragraphs of this Complaint as if fully set out herein.

29. Defendants John Does I-X are entities, companies or persons whose name and identities are unknown at this time to the Plaintiff but who may have been working in conjunction or in a joint venture or as a partner with the Decedent/Defendant Billy Larry Robinson, deceased, and/or United Parcel Service, Inc., and/or Zewdie Dugda, and/or Skymile Logistics, Inc., and may have been responsible for the damages caused to the Plaintiffs, Franklin and Double J Logistics. The John Doe Defendants may have participated in this incident and/or may be jointly and severally liable to the Plaintiffs for their injuries and damages. Plaintiffs will amend the complaint to add the names of the parties who may be John Does when their identities are discovered.

**CLAIM FOR PUNITIVE DAMAGES**

30. Plaintiffs adopt and allege the allegations contained in the foregoing paragraphs of this Complaint as if fully set out herein.

31. The Defendants were grossly negligent, evidencing a callous disregard for the safety of motorists on Interstate 20 on August 11, 2016.

32. The conduct of the Defendants is part of a pattern of disregard of regulations for the safeguard of the public against injury from tractor trailers. The conduct of Defendants caused, or contributed to, the collision in which the Plaintiffs sustained injuries and damages. Such conduct by Defendants rises to the level which justifies the imposition of an award of punitive damages.

33. As a direct and proximate result of the wantonness, and/or recklessness, and/or gross negligence of Defendants, the Plaintiffs sustained injuries and incurred damages. The statutes and regulations of the federal government and the State of Mississippi have proven inadequate to deter the conduct of the Defendants.

**DAMAGES**

34. As a direct and proximate result of the negligence alleged above, the Plaintiff, Derrick A. Franklin, has suffered damages, including but not limited to, past pain, suffering and mental anguish, accrued medical expenses, lost earnings and other damages to be proven at trial.

35. Plaintiff, Derrick A. Franklin, reasonably anticipates future damages, proximately caused by said negligence of the Defendants, including future medical expenses; future pain, suffering and mental anguish; future lost earnings; permanent physical impairment; permanent disfigurement and other damages.

36. As a direct and proximate cause of the aforesaid negligence of the Defendants, the tractor-trailer owned and/or operated by Plaintiff Double J Logistics, LLC, sustained property damage resulting in economic loss, including, but not limited to, loss of earnings, loss of use, loss of contents, and other losses to be proven at trial.

**PRAYER FOR RELIEF**

WHEREFORE, PREMISES CONSIDERED, that Plaintiffs, Derrick A. Franklin and Double J Logistics, LLC, demand a trial by jury and judgement from the Defendants, jointly and severally, for actual, compensatory, consequential and incidental damages in an amount exceeding the jurisdictional minimal limits of this Court for compensatory damages; and for punitive damages in an amount to be determined by a jury, including all expenses and costs of the civil action, and such other general relief as this Court and its jury deem just.

**RESPECTFULLY** submitted this 24th day of October, 2016.

By: ______________________________
GREGORY J. BOSSELER, ESQUIRE

**ATTORNEY FOR DERRICK FRANKLIN**:

Gregory J. Bosseler, Esq., MSB# 105011
Morgan & Morgan, PLLC
188 East Capitol Street, Suite 777
Jackson, Mississippi 39201
Telephone: (601) 949-3388
Facsimile: (601) 949-3399
Email: gbosseler@forthepeople.com

By: ______________________________
GINNY KENNEDY, ESQUIRE

**ATTORNEY FOR DOUBLE J LOGISTICS**:

Ginny Kennedy (MB: 102199)
WATSON HEIDELBERG JONES, PLLC
2829 Lakeland Drive, Suite 1502
Flowood, MS. 39232
Telephone: (601) 503-1946
Facsimile: (601) 932-4400
Email: GKennedy@whjpllc.com